FILED
2011 Mar-21 AM 09:58
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| AARON ABRAMS AND MEOSHIA MCKINNEY-ABRAMS, | - | |
| Plaintiffs, | - | |
| v. | - | PLAINTIFFS' VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL |
| NATIONWIDE CREDIT, INC., | - | |
| Defendant. | - | |

AARON ABRAMS AND MEOSHIA MCKINNEY-ABRAMS ("Plaintiffs"), through their attorneys, KROHN & MOSS, LTD., allege the following against NATIONWIDE CREDIT, INC., ("Defendant"):

**INTRODUCTION**

1. Plaintiffs' Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. (FDCPA).

2. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**JURISDICTION AND VENUE**

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Defendant is located in the state of Georgia and regularly conducts business in the state of Alabama and therefore, personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

6. Plaintiffs are natural persons residing in Calera, Shelby County, Alabama.

7. Plaintiffs are consumers as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiffs allegedly owe a debt as that term is defined by 15 U.S.C. 1692a(5).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiffs.

9. Defendant is a company located in Kennesaw, Georgia.

10. Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

11. Defendant is attempting to collect an alleged debt relating to a deficiency balance on an auto loan originally owed to Capital One Bank.

12. Defendant has been constantly and continuously placing collection calls to Plaintiffs seeking and demanding payment for the alleged debt for approximately two (2) months.

13. Defendant is placing daily collection calls to Plaintiff, Aaron Abrams, at his place of employment seeking to speak with him regarding the alleged debt.

14. Defendant is placing daily collection to calls for Plaintiff, Aaron Abrams, by calling other Wells Fargo branches nationwide seeking to speak with Plaintiff regarding the allege debt.

15. Defendant is placing daily collection calls to Plaintiff, Meoshia Mckinney-Abrams, at her place of employment.

16. Defendant has been informed by Plaintiff, Meoshia Mckinney-Abrams and her co-workers, that Plaintiff is not allowed to receive such calls at her place of employment.

17. Despite being informed of this, Defendant continues to place calls to Plaintiff, Meoshia Mckinney-Abrams, at her place of employment on a daily basis.

18. On our about January 24, 2011, Defendant threatened Plaintiff, Meoshia Mckinney-Abrams, with wage garnishment if immediate payment was not made.

19. During the same January 24, 2011 conversation, Defendant informed Plaintiff that she should "read up" on Alabama law because now that Plaintiff is in "default", Defendant can do whatever it wants.

**COUNT I**
**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

20. Defendant violated the FDCPA based on the following:

a. Defendant violated *§1692c(a)(1)* of the FDCPA by placing collection calls to Plaintiffs at times/places known to be inconvenient.

b. Defendant violated *§1692c(a)(3)* of the FDCPA by placing collection calls to Plaintiffs at their respective places of employment after being informed that such calls cannot be received.

c. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiffs; and

d. Defendant violated *§1692d(5)* of the FDCPA by causing the telephone to ring or engaged any person in telephone conversations repeatedly.

e. Defendant violated *§1692e(4)* of the FDCPA by threatening wage garnishment if

immediate payment was not made despite the fact that Defendant has not and does not intend to carry out such action.

WHEREFORE, Plaintiffs, AARON ABRAMS AND MEOSHIA MCKINNEY-ABRAMS, respectfully request judgment be entered against Defendant, NATIONWIDE CREDIT, INC., for the following:

21. Statutory damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

22. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k

23. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

DATED: March 18, 2011

By: /s/ M. BrandonWalker

M. Brandon Walker, Esq.
GENTLE, TURNER & SEXTON
501 Riverchase Parkway East, Suite 100
Hoover, AL 35244

Of Counsel
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiffs, AARON ABRAMS AND MEOSHIA MCKINNEY-ABRAMS, demand a jury trial in this case.

# VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF ALABAMA)

Plaintiff, AARON ABRAMS, states the following:

1. I am the Plaintiffs in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, AARON ABRAMS, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

02-18-2011
Date

AARON ABRAMS

**VERIFICATION OF COMPLAINT AND CERTIFICATION**

STATE OF ALABAMA)

Plaintiff, MEOSHIA MCKINNEY-ABRAMS, states the following:

1. I am the Plaintiffs in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, MEOSHIA MCKINNEY-ABRAMS, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

02-18-2011
Date

Meoshia McKinney-Abrams
MEOSHIA MCKIINEY-ABRAMS